UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTATE OF GLADYS P. SEVER *ex rel.*
THOMAS F. SEVER,

                       Plaintiff,

       v.

U.S. SECRETARY OF HEALTH AND
HUMAN SERVICES, *et al.*,

                       Defendants.

Civil Action No. 19-22130 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court on the renewed *in forma pauperis* Application ("IFP Application") of the Estate of Gladys P. Sever ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 3.)[1] Under that section, an IFP Application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008). Here, in support of his IFP Application, Plaintiff submitted a statement of all his assets, income and expenses, as well as an affidavit. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Plaintiff's monthly income and monthly expenses are the same. (*Id.* at 1-2, 4-5.) The IFP Application further indicates that, although Plaintiff has $10,000 in an NBT Bank account, unrelated litigation has caused NBT Bank to freeze that account, rendering the

---

[1] The Court denied Plaintiff's first IFP application for failure to account for $10,000 in funds in a bank account. (Order, ECF No. 2.)

$10,000 funds inaccessible to Plaintiff. (*Id.* at 5.) The affidavit attached to the IFP Application also provides that Plaintiff's representative, Thomas Sever, has "significant financial difficulties." (K. Gold Aff. 1, ECF No. 1.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Also under 28 U.S.C. § 1915, the Court screens the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As Plaintiff is proceeding pro se, the Court will construe his Complaint liberally. *See Caiby v. Ferguson*, 788 F. App'x 830, 831 (3d Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Liberally construed, Plaintiff's Complaint appears to allege an appeal from the Medicare Appeals Council (the "Council"). (*See* Ltr. ¶ 16, ECF 1-2.)[2] "A district court has jurisdiction over an appeal taken from a final, reviewable decision of the Secretary made after a hearing in a Medicare case." *Tucker v. Sec'y of Health & Human Servs.*, 487 F. App'x 52, 54 (3d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1395ff(b)(1)). An appeal from the Council is the final level of administrative appeal for Medicare claims—meaning that the Complaint does not, on its face, fall prey to administrative exhaust. *See Nationwide Ambulance Servs., Inc. v. Safeguard Servs., LLC*, No. 11-cv-5213, 2011 WL 4753415, at *2-3 (D.N.J. Oct. 7, 2011) ("The power of judicial review over a matter arising under the Medicare statute is conferred upon this Court once Plaintiff exhausts the available administrative remedies pursuant to 42 U.S.C. § 405(g)."). The Court thus finds, at this early stage, that Plaintiff has pled a plausible appeal from the Council that properly invokes this Court's jurisdiction. Accordingly,

---

[2] Plaintiff's Complaint incorporated a letter setting out the relevant facts of his case. (*See* Compl. 3-4.)

IT IS, on this 31st day of August 2021, hereby **ORDERED** as follows:

1. The Clerk shall reopen this matter.

2. The IFP Application (ECF No. 3) is **GRANTED**.

3. The Clerk shall file the Complaint.

4. The Clerk shall issue a summons and the U.S. Marshal shall serve a copy of the Complaint, summons, and this Order on Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE